IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| MITCHELL RUBENSTEIN & ASSOCIATES, P.C. | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.<br>(Removed from Circuit Court for Montgomery County |
| SUNRISE CREDIT SERVICES, INC. ET AL. | * | Case No.: 421841-V) |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * *

## DEFENDANTS SUNRISE CREDIT SERVICES, INC. AND ARROWOOD INDEMNITY COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, Sunrise Credit Services, Inc. ("Sunrise Credit Services") and Arrowood Indemnity Company ("Arrowood"), by and through their undersigned attorneys, hereby submit this Notice of Removal of this action from the Circuit Court for Montgomery County, Maryland, where it is currently pending, to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. § 1331 (federal question jurisdiction). In support of their Notice of Removal, Sunrise Credit Services and Arrowood state as follows:

**Background.**

1. The above-captioned action was filed in the Circuit Court for Montgomery County, case no. 421841V, by the Plaintiff, Mitchell Rubenstein & Associates, P.C., ("Mitchell Rubenstein"), a law firm, against the Defendants Sunrise Credit Services and Arrowood, in connection with debt collection services that the Defendants had hired Mr. Rubenstein's law firm to perform. The Complaint, which is captioned as an action for declaratory judgment, seeks

indemnification from Sunrise Credit Services and Arrowood in connection with Mr. Rubenstein's debt collection activities on behalf of the Defendants. (Compl. ¶¶ 13-16).

**This Court Has Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331.**

2. Removal is proper. Relevant to this Notice, Plaintiff seeks in his Complaint indemnification from Sunrise Credit Services and Arrowood, arising from alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* in connection with allegedly inaccurate information provided by the Defendants to Mr. Rubenstein regarding student loan debts. (Compl. ¶¶15-16). Plaintiff specifically asserts that as a result of Defendants' alleged failures, Plaintiff has been "forced . . . to incur substantial legal fees as well as incur liability under the FDCPA for damages and attorneys' fees." (Compl. ¶ 22). This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3. Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441. Mr. Rubenstein's claims against the Defendants arise from alleged violations of the FDCPA, rendering this suit as one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331. *See, e.g. O'Connor v. Sand Canyon Corp.*, 2014 WL 4983487 *3 (W.D. Va Oct. 6, 2014) (reasoning "Plaintiff's complaint allege[d] a cause of action under the Fair Debt Collection Practices Act" in substance, making removal to federal district court proper).

**In the Alternative, this Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332.**

4. In the alternative, this case is removable because this Court also maintains original jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff Mitchell Rubenstein and Defendants Sunrise Credit Services and Arrowood.

(a) As alleged in the Complaint, Plaintiff Mitchell Rubenstein is a Maryland Professional Corporation with its principal place of business in Montgomery County, Maryland. (Compl. ¶1); 28 U.S.C. §1332(c).

(b) Defendant Sunrise Credit Services is a New York Corporation with its principal place of business in New York. (Compl. ¶2); 28 U.S.C. §1332(c); *see* SDAT Business Information, attached as **Exhibit 3**.

(c) Defendant Arrowood is a Delaware Corporation with its principal place of business in North Carolina. (Compl. ¶3); 28 U.S.C. §1332(c); *see* NAIC Company Search, attached as **Exhibit 4**.

5. As alleged in the Complaint, Mr. Rubenstein is seeking indemnification from the Defendants for attorneys' fees he has allegedly been ordered to pay in connection with alleged violations of the FDCPA, which he attributes to the Defendants, in the amount of $41,989.80. (Compl. ¶21). In addition, Plaintiff contends that as a result of Defendants' alleged failures, he has been "forced . . . to incur substantial legal fees" of his own, and requests indemnification from the Defendants for his "own attorneys' fees, damages paid, and any final award of attorneys' fees to Ms. Baylor," the plaintiff in the underlying lawsuit, in an unspecified amount. (Comp. ¶22). More likely than not, the amount in controversy exceeds $75,000, given Mr. Rubenstein's assertion in the Complaint that Ms. Baylor sought over $200,000 in legal fees and

will appeal the fee award in the amount of $41,989.80, that the case is "now in its third year of litigation," and that Mr. Rubenstein's law firm has incurred "substantial legal fees." (Compl. ¶¶20-22). *See Adoff v. Protus IP Solutions, Inc.*, 2009 WL 3380328 *2 (D. Md. Oct. 16, 2009) (stating that if a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum); *see also Momin v. Maggiemoo's Intern.*, 205 F. Supp. 506, 510 (D. Md. 2012) (ordering evidentiary hearing regarding estimating amount of attorneys' fees in support of removal jurisdiction).

6. In addition, pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, Southern Division, which is the federal district court embracing the Circuit Court for Montgomery County, where the state court action was filed.

7. Removal is timely. Plaintiff served a copy of the Complaint by Certified Mail on Arrowood on June 7, 2016 and on Sunrise Credit Services on June 8, 2016. This Notice of Removal is being filed with the United States District Court for the District of Maryland on July 6, 2016, within the statutory period set forth in 28 U.S.C. § 1446.

8. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a).

9. Both Sunrise Credit Services and Arrowood consent to removal. 28 U.S.C. §1446(b).

10. All other procedural requirements have been met.

   A. Attached hereto as **Exhibit 1** is a copy of all "process, pleadings and orders served upon" Defendants and is being filed with the Clerk of the Court

contemporaneously with the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(a).

B.  Attached hereto as **Exhibit 2** is a copy of the Notice of Filing of Notice of Removal that Defendants will file in the Circuit Court for Montgomery County and will promptly serve upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Sunrise Credit Services, Inc. and Arrowood Indemnity Company respectfully request that this entire action be removed to the United States District Court for the District of Maryland, Southern Division, and that no further proceedings be had in the Circuit Court for Montgomery County.

Dated: July 6, 2016

Respectfully submitted,

*Evelyn L. Cusson*

George F. Ritchie (Fed. Bar No. 22408)
Evelyn L. Cusson (Fed. Bar No. 13926)
GORDON FEINBLATT LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202-3332
Tel:  (410) 576-4131
Fax:  (410) 576-4269
gritchie@gfrlaw.com
ecusson@gfrlaw.com

*Attorneys for Defendants, Sunrise Credit Services, Inc. and Arrowood Indemnity Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2016, a copy of the foregoing Notice of Removal was mailed, first-class, postage prepaid, to:

Ronald S. Canter
200A Monroe Street, Suite 104
Rockville, Maryland 20850
***Attorney for Plaintiff***

*Evelyn L Cusson*
George F. Ritchie
Evelyn L. Cusson

4861401.1 47424/126897 07/06/2016