IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| MITCHELL RUBENSTEIN & ASSOCIATES, P.C. <br> 12 South Summit Avenue, Suite 250 <br> Gaithersburg, Maryland 20877 <br><br> Plaintiff <br><br> vs. <br><br> SUNRISE CREDIT SERVICES, INC <br> SERVE: Resident Agent <br> Corporation Trust, Inc. <br> 351 West Camden Street <br> Baltimore, Maryland 21201 <br><br> SUNRISE CREDIT SERVICES, INC. <br> 260 Airport Plaza <br> Farmingdale, New York 11735 <br><br> And <br><br> ARROWOOD INDEMNITY COMPANY <br> SERVE: John Tight, President <br> 3600 Arco Corporate Drive <br> Whitehall Corporate Center #3 <br> Charlotte, North Carolina 28273 <br><br> ARROWOOD INDEMNITY COMPANY <br> 3600 Arco Corporate Drive <br> Charlotte, North Carolina 28273 <br><br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No. V424841 <br> * <br> * <br> * <br> * <br> * <br> * RECEIVED <br> * <br> * MAY 2 5 2016 <br> * <br> * Clerk of the Circuit Court <br> * Montgomery County, Md. <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES

1. Your Plaintiff, Mitchell Rubenstein & Associates, P.C. ("MRA") is a Maryland Professional Corporation with its principal place of business in Montgomery County, Maryland.

2. Defendant Sunrise Credit Services, Inc. ("SCS") is a New York Corporation with its principal place of business in the State of New York.

1

3. Defendant Arrowood Indemnity Company ("AIC") is a North Carolina Company with its principal place of business in the State of North Carolina.

4. At all times relevant hereto, SCS was acting as an agent for AIC.

5. At all times relevant hereto, AIC was the holder of six defaulted student loans (the "Loans") owned by Ms. Demetra Baylor.

6. SCS acted as the forwarding collection agency for AIC. SCS hired the services of MRA to collect the defaulted Loans.

## JURISDICTION

7. This Court has jurisdiction over Defendant SCS pursuant to Md. Code, Cts. & Jud. Proc., § 6-103(b)(1) because SCS transacts business in the State of Maryland.

8. This Court has jurisdiction over Defendant AIC pursuant to Md. Code, Cts. & Jud. Proc., § 6-103(b)(1) because AIC's agent, SCS, transacted business in the State of Maryland by hiring MRA to collect the defaulted Loans.

9. Venue is proper pursuant to Md. Code, Cts. & Jud. Proc., § 6-201.

## FACTS

10. Defendant AIC was the holder of Ms. Baylor's six defaulted student loans.

11. Prior to December 17, 2013, AIC, through its agent SCS, referred Ms. Baylor's Loans to MRA for collection.

12. MRA accepted the referral and commenced collection action against Ms. Baylor by sending demand letters.

13. Unbeknownst to MRA, SCS did not accurately state the amount of the outstanding debt on the dates that it referred the Loans to MRA.

14. MRA reasonably relied on the information, including the amount of the debt, provided by SCS based on its 15 year long relationship with SCS and the history of SCS providing accurate information about debts referred for collection.

15. Based on the misrepresentation of the amount of the debt stated in MRA's demand letters, on December 17, 2013 Ms. Baylor filed a lawsuit against MRA in the United States District Court for the District of Columbia, Case No. 1:13-cv-01995-ABJ ("Lawsuit").

16. The Lawsuit alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*, the District of Columbia Debt Collection Law ("DCDCL"), DC Code, § 28-3814, *et seq*, and the District of Columbia Consumer Protection and Procedures Act ("DCCPPA"), DC Code, § 28-3901, *et seq*.

17. Upon being served the Lawsuit, MRA retained Ronald S. Canter, Esq. and The Law Offices of Ronald S. Canter, LLC to represent it in the Lawsuit.

18. On January 17, 2014, MRA extended a Federal Rule of Civil Procedure 68 Offer of Judgment to Ms. Baylor in the amount of $1,001.00 plus costs and reasonable attorneys fees as to all claims under the FDCPA because MRA's demand letters did not accurately state the amount of the debt based on the incorrect information provided by SCS. Ms. Baylor accepted the Offer of Judgment on February 7, 2014, and the $1,001.00 was tendered to Ms. Baylor.

19. After the completion of discovery, the United States District Court granted summary judgment in favor of MRA as to all state law claims.

20. The Lawsuit required extensive and protracted litigation due to the motions and arguments advanced by Ms. Baylor's attorney. In particular, Ms. Baylor filed a Fee Petition with the District Court seeking over $200,000.00 for work done on the FDCPA claim.

21. Although MRA opposed the Petition and argues that no fees should be awarded, the District Court awarded Ms. Baylor's attorney fees in the amount of $41,989.80. It is anticipated that Ms. Baylor will be filing an appeal of the Order on Attorney's Fees.

22. This case, now in its third year of litigation, has forced MRA to incur substantial legal fees as well as incur liability under the FDCPA for damages and attorneys' fees.

23. The expenses incurred by MRA are directly a result of the inaccuracy of account information provided by SCS, as agent for AIC.

## COUNT I
## (DECLARATROY JUDGMENT AS TO INDEMNIFICATION BY SCS)

24. Plaintiff hereby realleges and incorporates by reference all allegations set out in Paragraphs 1 through 23 of this Complaint.

25. In referring the Loans to MRA, SCS is responsible for verifying the outstanding amount of the debt on the date that the Loans are forwarded.

26. MRA has become subject to tort liability based on the inaccurate amount of the debt it was referred.

27. The tort liability is without personal fault on the part of MRA.

28. Because of the liability, MRA has incurred its own substantial attorneys' fees, has paid damages to Ms. Baylor under the FDCPA, and continues to be liable for Ms. Baylor's attorneys' fees.

29. MRA is entitled to indemnity from SCS for all of its expenditures made as a result of the liability.

WHEREFORE, your Plaintiff requests that this Court enter a declaratory judgment that Defendant SCS is required to indemnify MRA for all of its expenditures related to the defense of

the Lawsuit, including its own attorneys' fees, damages paid, and any final award of attorney's fees to Ms. Baylor.

## COUNT II
## (DECLARATORY JUDGMENT AS TO INDEMNIFICATION BY AIC)

30. Plaintiff hereby realleges and incorporates by reference all allegations set out in Paragraphs 1 through 29 of this Complaint.

31. AIC referred the Loans to MRA through its agent, SCS.

32. In referring the Loans to MRA, SCS is responsible for verifying the outstanding amount of the debt on the date that the Loans are forwarded.

33. MRA has become subject to tort liability based on the inaccurate amount of the debt it was referred.

34. The tort liability is without personal fault on the part of MRA.

35. Because of the liability, MRA has incurred its own substantial attorneys' fees, has paid damages to Ms. Baylor under the FDCPA, and continues to be liable for Ms. Baylor's attorneys' fees.

36. MRA is entitled to indemnity from AIC for all of its expenditures made as a result of the liability.

WHEREFORE, your Plaintiff requests that this Court enter a declaratory judgment that Defendant AIC is required to indemnify MRA for all of its expenditures related to the defense of the Lawsuit, including its own attorneys' fees, damages paid, and any final award of attorney's fees to Ms. Baylor.

THE LAW OFFICES OF RONALD S. CANTER, LLC

_____
Ronald S. Canter, Esquire
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterllc.com
*Attorney for Plaintiff*